## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| NKOSI A. DUBOSE, | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| v. | )        **2:09-cv-1392-KOB-JEO** |
| | ) |
| WARDEN GARY HETZEL[1] AND THE | ) |
| ATTORNEY GENERAL OF THE STATE OF | ) |
| ALABAMA, | ) |
| | ) |
| **Respondents.** | ) |

### MEMORANDUM OPINION & ORDER

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 by Nkosi A. Dubose, an

Alabama state prisoner acting *pro se*.  This court originally dismissed the action with prejudice on

February 2, 2010, on the ground that the Petitioner filed the case after the expiration of the one-year

limitations period established by 28 U.S.C. § 2244(d)(1).  This court and the United States Court of

Appeals for the Eleventh Circuit both denied a certificate of appealability under 28 U.S.C. § 2253(c).

The cause now comes to be heard on Petitioner's FED. R. CIV. P. 60(b)(6) motion for relief from

judgment, filed on July 28, 2013.  (Doc. 20).  Upon consideration, Petitioner's motion is due to be

denied.

---

[1]Petitioner filed this case in July 2009, naming "Grant (sic) Culliver" as a respondent, on the basis that Culliver was Warden of Holman Correctional Facility, where Petitioner was incarcerated.  *See* (Doc. 1); 28 U.S.C. § 2242; Rule 2(a), Rules Governing § 2254 Habeas Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  However, in the caption of his instant motion, Petitioner names Gary Hetzel as a respondent instead of Culliver.  Indeed, the Alabama Department of Corrections Website confirms that Hetzel is now Warden at Holman Correctional Facility. http://www.doc.alabama.gov/facility.aspx?loc=33 (last visited August 8, 2013).  Accordingly, the Clerk is DIRECTED to substitute Warden Gary Hetzel as a respondent in place of Grantt Culliver.

I.     **BACKGROUND**[2]

A.     **State Court Trial and Direct Appeal**

In April 2005, Petitioner was convicted of capital murder in the Circuit Court of Jefferson County, Alabama, and sentenced to life imprisonment without the possibility of parole.  The Alabama Court of Criminal Appeals affirmed.  He did not petition the Alabama Supreme Court for certiorari review, and a certificate of judgment issued on March 8, 2006.

B.     **State Post-Conviction Proceedings**

On February 28, 2007, Petitioner filed a *pro se* petition for post-conviction relief in the state trial court pursuant to ALA. R. CRIM. P.  32.  In that petition, Petitioner raised various claims, including that the trial court had been without jurisdiction, that he had been denied effective assistance of counsel in violation of the Sixth Amendment, and that he had newly discovered evidence entitling him to relief.  On March 5, 2007, an attorney representing Petitioner also filed a Rule 32 petition that raised ineffective-assistance claims, as well as claims alleging violations of due process and equal protection.  On April 13, 2007, the state trial court entered an order dismissing the Rule 32 case without a hearing.  Petitioner and his counsel both filed post-judgment motions pursuant to ALA. R. CIV. P. 59.  Petitioner also filed a *pro se* motion to amend his Rule 32 petition.  On June 7, 2007, the state trial court held a hearing on the motions, at the conclusion of which it denied all of the motions.

Petitioner appealed the denial of Rule 32 relief to the Alabama Court of Criminal Appeals. However, that court dismissed the appeal as untimely and issued a certificate of judgment on

---

[2]Unless otherwise noted, the facts summarized in this section are taken from the Magistrate Judge's Report and Recommendation previously entered in the case.  (Doc. 11).  Citations to the record can be found in that document.

September 18, 2007.  On January 3, 2008, Petitioner moved to reinstate his appeal challenging the denial of Rule 32 relief, asserting that the dismissal was in error due to a mistake by the Clerk of the Circuit Court.  The court of appeals summarily denied that motion on January 8, 2008.

On January 14, 2008, Petitioner filed a second Rule 32 petition in the trial court, again raising claims alleging ineffective assistance of counsel, that the trial court lacked jurisdiction, and newly discovered evidence.  He also argued that he was entitled to an out-of-time appeal relating to the denial of his first Rule 32 case.  The state trial court denied relief on April 3, 2008.  The Alabama Court of Criminal Appeals affirmed in a memorandum opinion on March 13, 2009.  The Alabama Supreme Court denied Petitioner's application for certiorari review, and issued a certificate of judgment on June 12, 2009.

### C.      Federal Habeas Proceedings

Petitioner then commenced the instant *pro se* action for federal habeas review, pursuant to 28 U.S.C. § 2254, which was deemed filed on July 9, 2009 .  In his application, Petitioner alleged that his trial and appellate attorneys were constitutionally ineffective.  After the Respondents answered, the magistrate judge entered a Report and Recommendation on January 11, 2010, recommending that the § 2254 application be dismissed on the ground that it was filed outside the one-year statute of limitations, 28 U.S.C. § 2244(d)(1).  In so doing, the magistrate judge concluded, among other things, that Petitioner had failed to establish that he was entitled to equitable tolling so as to render his § 2254 application timely filed.  On February 2, 2010, the district judge entered an order denying habeas relief and dismissed the case with prejudice, holding that the action was time barred.  (Docs. 12 & 13).  Petitioner appealed (Doc. 14), but on June 29, 2010, the United States Court of Appeals for the Eleventh Circuit entered an order denying Petitioner's application for a certificate of

appealability under 28 U.S.C. § 2253(c). (Doc. 20). On August 16, 2010, the Eleventh Circuit likewise denied Petitioner's motion for reconsideration of that denial. (Doc. 21).

      **D.**      **The Instant Rule 60(b)(6) Motion**

      On July 31, 2013, the clerk of this court docketed Petitioner's instant *pro se* motion seeking relief from this court's judgment pursuant to FED. R. CIV. P. 60(b)(6). (Doc. 22). For present purposes, the motion is deemed filed on the date that Petitioner indicates that he presented it to prison officials for mailing, *see Houston v. Lack*, 487 U.S. 266 (1988), which is July 28, 2013. (Doc. 22 at 6). Specifically, Petitioner contends that he is entitled to relief under Rule 60(b)(6), based upon two Supreme Court decisions handed down since the entry of this court's judgment denying his § 2254 application: *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549 (2010), and *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012).

      In *Holland*, decided June 14, 2010, the Supreme Court confirmed an Eleventh Circuit ruling that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations applicable to § 2254 applications is subject to equitable tolling in appropriate cases. 130 S. Ct. at 2560. Also consistent with prior Eleventh Circuit caselaw, the Supreme Court recognized that a petitioner is entitled to equitable tolling where he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. 130 S. Ct. at 2562; *see also, e.g., Johnson v. Florida Dep't of Corr.*, 513 F.3d 1328, 1333 (11th Cir. 2008). The Supreme Court in *Holland* concluded, however, that the case was due to be reversed on the ground that the standard applied by the court of appeals on the "extraordinary circumstances" prong was "too rigid," *i.e.*, that attorney conduct that is even "grossly negligent" can never warrant tolling absent "bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part," *Holland*, 130 S. Ct.

at 2562-65.  The Court then remanded the action for further proceedings, opining that the petitioner had shown the requisite "reasonable diligence" and that the alleged conduct of counsel that caused the petitioner to miss the filing deadline for his federal habeas petition might potentially qualify as "extraordinary circumstances" warranting equitable tolling.  *Id.*, 130 S. Ct. at 2564-65.

In *Martinez*, decided March 20, 2012, the Supreme Court first recognized an exception to the general rule of *Coleman v. Thompson*, 501 U.S. 722 (1991), that negligence on the part of a petitioner's attorney in state post-conviction proceedings does not constitute "cause" necessary to excuse a procedural default so as to allow a federal habeas court to reach the merits of an otherwise defaulted claim.  *See Martinez*, 132 S. Ct. at 1316, 1319-20.  In particular, the Supreme Court in *Martinez*  held that where, under state law, Sixth Amendment claims of ineffective assistance of counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar federal habeas review of the claim if, in the initial-review collateral proceeding, there was no counsel or the counsel in that proceedings provided ineffective assistance under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).  *Martinez*, 132 S. Ct. at 1318.

Petitioner appears to suggests that if he had "the benefit of *Holland* and *Martinez*" when he was before this court, his § 2254 case would not have been dismissed as untimely.  (Doc. 22 at 5).  In support, he argues that his case presents "extraordinary circumstances" arising from the errors of his attorneys in failing to properly present and preserve his claims in the state courts.  Specifically, Petitioner cites the following alleged lapses: (1) that his attorney in his "first" Rule 32 state post-conviction case failed to plead his ineffective-assistance claims with sufficient specificity (Doc. 22 at 4-5, ¶ 8); (2) that, after the Petitioner himself "sought to amend the [Rule 32] petition with substance," the same attorney "perfunctor[ily] sought to have the claims amended" (*id.* at 5, ¶ 8); (3)

5

that the same attorney "fail[ed] to point out the procedural posture of the case and fail[ed] to file an appeal or inform[ ] the petitioner of his right to an appeal of the original ruling on the postconviction petition" (*id.*); and (4) that his appellate counsel on direct appeal "did not seek certiorari review to the [Alabama Supreme Court]," "did not inform [Petitioner] that his [direct] appeal had been denied on rehearing" (Doc. 22 at 5, ¶ 8), and did not inform Petitioner of his right to seek review by the Alabama Supreme Court.  (Doc. 22 at 1, ¶ 1).

## II.   DISCUSSION

Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P. 60(c)(1).

A petitioner may utilize FED. R. CIV. P. 60(b) to raise a defect in the integrity of a federal habeas proceeding, including a challenge to a district court's prior determination that a § 2254

application is time-barred.  *Gonzalez v. Crosby*, 545 U.S. 524, 533-36 (2005); *Banks v. Secretary, Fla. Dep't of Corr.*, 491 Fed. App'x 966, 969 (11th Cir. 2012).  However, Rule 60(b)(6), the only subsection of the rule that Petitioner invokes here, requires a showing of "extraordinary circumstances."  *Gonzalez*, 545 U.S. at 535-36.   The Supreme Court has suggested that "such circumstances will rarely occur in the habeas context."  *Id.*, 545 U.S. at 535.

Petitioner's Rule 60(b)(6) motion is due to be denied on two independent grounds.  First, his motion was not filed within a "reasonable time" as required under FED. R. CIV. P. 60(c)(1).  To the extent that Petitioner relies upon *Holland*, Petitioner did not file his instant Rule 60(b) motion in this court until more than *three years* after that case was decided.  Petitioner's motion likewise comes more than *sixteen months* after the Supreme Court decided *Martinez.*  Petitioner could have made his arguments based on those cases much sooner, and he offers no reason or excuse for his delay.  Accordingly, his Rule 60(b) motion, which is founded entirely upon those two cases, is untimely.  *See Ramsey v. Walker*, 304 Fed. App'x 827, 829 (11th Cir. 2008) (affirming denial of Rule 60(b) relief where § 2254 petitioner filed his motion more than two years after the cases interpreting the statute of limitations upon which he relied were decided); *Howell v. Crews*, 2013 WL 672583, *3-4 (N.D. Fla. 2013) (Rule 60(b)(6) motion premised upon *Holland* was untimely where filed two and one-half years after case was decided); *Johnson v. Buss*, 2011 WL 2652157, *2 (S.D. Fla. 2011) (Rule 60(b)(6) motion based on *Holland* was untimely where filed just under one year after that case was decided); *Holley v. Terrell*, 2013 WL 2243835, *5 (E.D. La. 2013) (§ 2254 habeas petitioner's Rule 60(b)(6) motion based on *Martinez* untimely where filed more than eleven months after that case was decided).

Even if Petitioner's Rule 60(b)(6) motion were timely, it is due to be denied because he has failed to demonstrate the existence of extraordinary circumstances required for relief. As a threshold matter, the court doubts that the Supreme Court's issuance of either *Holland* or *Martinez* constitutes an extraordinary circumstance in this context, even assuming that one or both of those cases support that this court's dismissal of Petitioner's § 2254 application as untimely was in error. *See Howell*, 2013 WL 672583, at *5-6 (holding that issuance of *Holland* was not an extraordinary circumstance); *Johnson*, 2011 WL 2652157, at *3 (same); *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) (holding that issuance of *Martinez* was not an extraordinary circumstance); *Lopez v. Ryan*, 678 F.3d 1131, 1135-36 (9th Cir. 2012) (same); *cf. Gonzalez*, 545 U.S. at 535-36 (holding that issuance of *Artuz* was not an extraordinary circumstance); *see also Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996) ("Something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief"; rather, a movant must also "persuade [the court] that the circumstances are sufficiently extraordinary to warrant relief").

More to the point, however, is the fact that neither *Holland* nor *Martinez* supports Petitioner's claim that his § 2254 petition was, in fact, timely filed. Petitioner first seems to suggest that *Holland* would have counseled the application of equitable tolling in his case. It would not have done so. *Holland* does concern equitable tolling of the limitations period based upon the errors of counsel when such attorney misconduct amounts to an "'extraordinary circumstance [that] stood in [the petitioner's way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). However, the alleged mistakes in *Holland* related directly to the petitioner's failure to timely file his § 2254 habeas application in federal court, despite the petitioner's due diligence. Such errors included the attorney's failure to timely file the federal habeas

8

petition itself, even after the petitioner had advised counsel of the applicable legal rules for calculating the deadline, as well as counsel's failure to timely inform the petitioner that the Florida Supreme Court had decided his case, thus concluding State postconviction review, despite numerous letters from the petitioner asking for such information.  *Holland*, 130 S. Ct. at 2564.  By contrast, Petitioner here complains only about conduct of counsel occurring at earlier stages in the litigation, *viz.*, failing to protect his right to seek review in the Alabama Supreme Court on direct appeal and to properly present and timely appeal his claims in the Rule 32 proceedings.  Petitioner fails to explain or otherwise show how the attorney errors he cites, *no matter how egregious*, actually worked to prevent him from filing his § 2254 habeas application in this court on time, despite reasonable diligence.  Petitioner's reliance on *Holland* is misplaced.

   *Martinez* is even less relevant.  That case deals with whether and when attorney misconduct may constitute "cause" for purposes of excusing a *procedural default* occurring because a claim was not properly presented and exhausted in the state courts.  It might be assumed that the failure of Petitioner's counsel to properly plead and otherwise present his ineffective-assistance claims to the State trial court in the "first" Rule 32 case amounted to ineffective assistance and would have constituted "cause" excusing a procedural default of those claims under *Martinez*.  The problem for Petitioner, of course, is that this court did not resolve any of his claims on the basis that they had been procedurally defaulted in the Alabama courts.  Rather, Petitioner's § 2254 petition was dismissed because it was deemed *untimely filed in this court under § 2244(d)(1).  Martinez* has nothing to say on that score and thus cannot be the basis for relief to Petitioner under Rule 60(b).

9

### III.    CONCLUSION

Based on the foregoing, Petitioner's FED. R. CIV. P. 60(b) motion (Doc. 22) is due to be, and hereby is, DENIED.

A certificate of appealability ("COA") is necessary to appeal a final order denying relief in a § 2254 case.  28 U.S.C. § 2253(c).  When the district court enters a final order adverse to an applicant in a § 2254 case, it must issue or deny a COA.  Rule 11(a), Rules Governing § 2254 Habeas Cases. In this circuit, a COA is also required to appeal the denial of a FED. R. CIV. P. 60(b) motion in a § 2254 case.  *Jackson v. Crosby*, 437 F.3d 1290, 1294-95 (11th Cir. 2006).  Accordingly, it is appropriate to consider at this time whether Petitioner is entitled to a COA.  The court concludes that he is not, because his Rule 60(b) motion does not present an issue that is fairly debatable among reasonable jurists.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

DONE and ORDERED this 20th day of August, 2013.


_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

10